IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-06-CR-0303-M |
| | § | NO. 3-10-CV-0832-M |
| MOISES GARCIA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Moises Garcia, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Punishment was assessed at a total of 160 months confinement followed by a four-year term of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Garcia*, 284 Fed.Appx. 202, 2008 WL 2682859 (5th Cir. Jul. 9, 2008), *cert. denied*, 129 S.Ct. 2734 (2009). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.[1]

---

[1] Defendant also filed a motion and an amended motion for a sentence reduction based on a retroactive amendment to the sentencing guidelines for offenses involving "crack" cocaine. (*See* Docs. #59, 70). Both motions remain pending before the district judge.

II.

In two grounds, defendant contends that he received ineffective assistance of counsel at trial and on appeal. Both claims involve defense counsel's failure to file written objections to the computation of his criminal history score for sentencing purposes.

A.

The Presentence Investigation Report ("PSI") gave defendant a preliminary criminal history score of 11 based on three misdemeanor convictions for driving with a suspended license, two misdemeanor convictions for unlawfully carrying a weapon, and one misdemeanor conviction for DWI. (*See* PSI at 5-7, ¶¶ 27-32, *citing* U.S.S.G. § 4A1.1(b) & (c)). Defendant received sentences ranging from 60 days to 180 days on those convictions. (*Id.*). Because defendant committed the instant offense less than two years after his release from jail, two points were added to his criminal history score. (*Id.* at 7, ¶ 34, *citing* U.S.S.G. § 4A1.1(e)). That resulted in a total criminal history score of 13, which placed him in Criminal History Category VI. (*Id.* at 7, ¶ 35). Defense counsel did not file written objections to the PSI. At sentencing, the judge *sua sponte* questioned whether defendant's criminal history score was overstated given the nature of his convictions. (*See* Sent. Tr. at 9). In particular, the judge was concerned that six of defendant's criminal history points resulted from jail sentences of 60 days or more that were attributable to convictions for driving with a suspended license, the most recent of which may have been "rolled in" with a 60-day sentence for unlawfully carrying a weapon. (*See id.* at 9-12). Noting the significance of this guideline issue, the judge invited defense counsel to argue the matter at sentencing notwithstanding his failure to file written objections to the PSI. (*Id.* at 11). In response to that invitation, counsel argued:

> I wanted to bring to the Court's attention that September 1, 2007, [the] Texas legislature changed the law in regards to driving while license suspended and made it a Class C misdemeanor. Mr. Garcia has six criminal history points as a result of just three incidents right there.
>
> As the Court may be aware of the procedures in Dallas County, since the sheriff gives three for one in the county, everybody inflates the jail time because they know the defendant is only going to serve one-third of it.
>
> So when he got a 60-day sentence, it was because he was only going to serve 20 days. It's just a mathematical factor that, when you plead somebody to a misdemeanor in Dallas County, it's going to sound inflated, but the actual time they are going to serve will be less.

(*Id.* at 10). Counsel then asked the judge "to consider a criminal history category of 4, which would be criminal history points of 7, and that would correctly reflect the severity of the circumstances." (*Id.* at 12). After considering the argument made by defense counsel, the judge found that defendant's criminal history had been overstated and adjusted his criminal history category from level VI to level V. (*Id.* at 21). With that adjustment, the punishment range under the sentencing guidelines on the drug charge was reduced from 110-137 months to 100-125 months. (*Id.*). The court sentenced defendant to 100 months on the drug charge -- the low-end of the guideline range. (*Id.* at 25). A mandatory consecutive five-year sentence was imposed on the gun charge, for a total of 160 months confinement. (*Id.* at 25-26).

B.

Defendant now complains that his attorney failed to timely object to "inaccuracies" in the PSI and was unprepared to answer the court's questions regarding his criminal history. As a result of these deficiencies, defendant alleges that the judge was "blinded" by a lack of accurate information

which required her to "guess and balance the difference in the middle, between category 4 and category 6, resulting in a category of 5, . . . in an effort to appease." (*See* Def. Mem. Br. at 8).

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001).

2.

The court initially observes that defendant was not harmed by counsel's failure to file written objections to the PSI. When counsel apologized to the court for not objecting to the computation of defendant's criminal history in the PSI, the judge made clear that she was not concerned about "the procedural aspect" and allowed counsel to make his objections at the sentencing hearing. As the judge stated, "No harm." (*See* Sent. Tr. at 11). Nor was defense counsel unprepared to address the issue. To the contrary, counsel made a very compelling argument as to why defendant's criminal history score should be adjusted. Rather than being "blinded" by a lack of accurate information, the

judge was persuaded by counsel's argument and adjusted defendant's criminal history category from level VI to level V. Although the judge declined to consider a further reduction to level IV, the court is unable to conclude that this outcome was the result of any deficiencies on the part of defense counsel. In fact, the judge told defendant at the conclusion of the sentencing hearing that "you have been well-represented by your counsel." (*Id.* at 20-21).

In sum, nothing in the record suggests that trial counsel was ineffective for failing to file written objections to the computation of defendant's criminal history score. Because the court has rejected this claim on collateral review, there is no reason to believe that defendant's sentence would have been vacated had the same claim been raised on direct appeal. *See Coker v. Thaler*, 670 F.Supp.2d 541, 554 (N.D. Tex. 2009), *citing Jackson v. Quarterman*, No. 3-06-CV-0494-G, 2008 WL 58879 at *10 (N.D. Tex. Jan. 3, 2008), *aff'd*, 358 Fed.Appx. 585, 2009 WL 5102867 (5th Cir. Dec. 23, 2009) (appellate counsel was not ineffective for failing to appeal conviction on grounds that were considered and rejected on federal habeas review). These grounds for relief should be overruled.

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE